# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| TERENCE BIGGERS JR., *Plaintiff,* v. C. NAPIER, *et al.,* *Defendants.* | CIVIL ACTION NO. 5:16-cv-00170-TES-CHW |

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Presently before the Court is the United States Magistrate Judge's Report and Recommendation [Doc. 49] on Defendants' Motion for Summary Judgment [Doc. 25], which he recommends granting. Plaintiff filed a timely objection to the Report and Recommendation. [Doc. 51]. Therefore, the Court must "make a de novo determination of those portions of the report . . . or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

In his recast complaint, Plaintiff asserted claims for excessive force, deliberate indifference, inadequate medical treatment, and negligence for two incidents occurring on March 14, 2016, and May 3, 2016. [Doc. 5, p. 8]. The Court previously dismissed Plaintiff's claims arising from the May 3 incident, and Plaintiff's only remaining claim is for excessive force arising from the March 14 incident. [Docs. 28, 33]. Defendants Napier,

Holley, Gore, and Lamar moved for summary judgment on this claim, arguing that Plaintiff cannot recover more than nominal damages and that they are entitled to qualified immunity. [Doc. 25-2]. Over five months after his response deadline, Plaintiff filed an affidavit establishing his version of the facts, but Defendants requested that the affidavit be excluded as untimely. [Doc. 44]. The Magistrate Judge agreed with Defendants' summary judgment arguments and recommended that the Court reject Plaintiff's affidavit for Plaintiff's failure to show excusable neglect under Federal Rule of Civil Procedure 6(b)(1)(B). Plaintiff now objects to the Magistrate Judge's recommendation that his affidavit be excluded as untimely.

Federal Rule of Civil Procedure 6(b) allows the Court to extend missed deadlines "for good cause" if "the party failed to act because of excusable neglect." Fed. R. Civ P. 6(b)(1)(B). When considering a party's claim of excusable neglect, the Court must consider "all relevant circumstances" including (1) "the danger of prejudice to the nonmovant," (2) "the length of the delay and its potential impact on judicial proceedings," (3) "the reason for the delay, including whether it was within the reasonable control of the movant," and (4) "whether the movant acted in good faith." *Advanced Estimating Sys., Inc. v. Riney*, 77 F.3d 1322, 1325 (11th Cir. 1996).

In his objection, Plaintiff explains that although the Court did not receive his affidavit in response to Defendants' Motion for Summary Judgment until April 9, 2018, he had it notarized in October 2017 and gave it to the prison mail officer. He further

explains that his response to Defendants' motion was lost in the mail, and he has written multiple grievances about missing and lost mail. He also states that he was unaware that Defendants did not receive the affidavit, but he sent his only copy as soon as he became aware of his omission. Although these circumstances weigh in favor of admitting Plaintiff's affidavit, the length of the delay does not. A delay of over five months, especially in light of Plaintiff's ability to draft and file several other documents during that time, substantially impacts the judicial proceedings of this case and prejudices Defendants' ability to effectively defend their motion. Moreover, Plaintiff's indigence and *pro se* status are insufficient to establish good cause. *See United States v. Pippin*, 473 F. Supp. 2d 1171, 1173 (M.D. Ala. 2006). Accordingly, the Court finds that Plaintiff did not show sufficient good cause to be afforded an extension of time, and the Magistrate Judge properly recommended that his affidavit be excluded.

Finally, Plaintiff expresses frustration with the Court's failure to appoint him an attorney or to otherwise advise him on how to get affidavits from his witnesses and how to proceed with this action. However, the Court may not give Plaintiff legal advice, and this case is not so novel or complex as to require the appointment of counsel. *See Andrews v. Escambia Cty. Jail*, 2012 WL 967624, at *1 n.1 (N.D. Fla. Jan. 4, 2012); *Mikell v. United States*, 2009 WL 3201769, at *1 (S.D. Ga. Oct. 6, 2009); *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) (appointment of counsel appropriate in "exceptional circumstances, such as the

presence of facts and legal issues which are so novel or complex as to require the assistance of a trained practitioner").

Plaintiff does not object to the Magistrate Judge's recommendation that the Court grant Defendants' Motion for Summary Judgment. Therefore, and after thorough review, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation [Doc. 49] over Plaintiff's objections and **MAKES IT THE ORDER OF THE COURT**. Thus, Defendants' Motion for Summary Judgment [Doc. 25] is **GRANTED**. Plaintiff's Motion to Appoint Counsel and Motion for Trial Date [Doc. 50] are **DENIED AS MOOT**.

**SO ORDERED**, this 17th day of August, 2018.

<u>S/ Tilman E. Self, III</u>
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**